JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

ED

**CASE NO.:** CV 11-01881 SJO (Ex)     **DATE:** December 14, 2011

**TITLE:** Michael D. White v. The Home Depot, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING TO STATE COURT**

Plaintiff Michael D. White ("Plaintiff") filed his Complaint in San Bernardino County Superior Court on June 3, 2011. On November 29, 2011, Defendant The Home Depot U.S.A., Inc., erroneously sued as The Home Depot, ("Defendant") removed this action from state court. For the following reasons, the Court **REMANDS** this action to San Bernardino County Superior Court.

I.     PROCEDURAL AND FACTUAL BACKGROUND

The Complaint sets forth the following allegations. Plaintiff worked as a sales specialist in the flooring department for Defendant. (Compl. ¶ 13, ECF No. 1.) On March 19, 2010, Plaintiff told Derek Ego, the Assistant Store Manager, that he was ill and needed to go home. (Compl. ¶ 14.) Mr. Ego told Plaintiff that he could not go home. (Compl. ¶ 14.) On or around March 25, 2010, Jose Alvarez, the Store Manger, issued a Performance and/or Discipline Notice to Plaintiff based on the March 19, 2010 incident. (Compl. ¶ 15.)

On March 26, 2010, Plaintiff was diagnosed with Generalized Anxiety Disorder. (Compl. ¶ 16.) Plaintiff's physician took Plaintiff off work until March 28, 2010. (Compl. ¶ 16.) On March 31, 2010, Plaintiff went to the emergency room because of chest pains and his physician placed Plaintiff off work for two days. (Compl. ¶ 17.) On April 3, 2010, Plaintiff's physician placed Plaintiff off work until April 4, 2010. (Compl. ¶ 18.) Plaintiff underwent treatment for his Generalized Anxiety Disorder on April 19, 2010. (Compl. ¶ 19.)

On April 23, 2010, Plaintiff was approached by Irma Mickels, a fellow employee, who asked Plaintiff to show her how to stock the laminate aisle. (Compl. ¶ 20.) Ms. Mickels made several additional requests for Plaintiff to assist her in stocking her aisles. (Compl. ¶ 20.) Ms. Mickels informed Plaintiff that she was unable to stock the aisles assigned to her because it was hard for her to put pressure on her foot. (Compl. ¶ 20.) In an attempt to assist Ms. Mickels, Plaintiff inquired what duties and responsibilities she felt she could handle given her situation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 11-01881 SJO (Ex)</u>　　　　　　**DATE:** <u>December 14, 2011</u>

On April 25, 2010, Plaintiff was called into Mr. Alvarez's office to discuss the events that occurred with Ms. Mickels. (Compl. ¶ 21.) Mr. Alvarez informed Plaintiff that Ms. Mickels felt that Plaintiff hurt her feelings. (Compl. ¶ 21.) Shortly after Plaintiff's discussion with Mr. Alvarez, Plaintiff's physician placed Plaintiff off work because of his General Anxiety Disorder from May 3, 2010 through May 17, 2010. (Compl. ¶ 22.) Plaintiff's physician extended Plaintiff's medical leave until May 28, 2010. (Compl. ¶ 23.)

Plaintiff returned to work on May 29, 2010. (Compl. ¶ 24.) On June 2, 2010, Plaintiff was summarily terminated for the incident that occurred on April 23, 2010 with Ms. Mickels under the "respect policy," a policy that is not defined in the Complaint. (Compl. ¶ 25.)

The Complaint states the following causes of action: (1) discrimination on the basis of asserting statutory rights under the California Family Rights Act ("CFRA"); (2) retaliation for asserting statutory rights under CFRA; (3) wrongful termination; and (4) intentional infliction of emotional distress. (*See generally* Compl.) The Complaint does not state any numerical figure regarding the amount of damages sought. (*See generally* Compl.) On November 29, 2011, Defendant removed this action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). (Notice 1.)

II.　　<u>DISCUSSION</u>

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants where the amount in controversy exceeds $75,000. *Id.* § 1332(a). The Ninth Circuit held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

　　A.　　<u>*Sua Sponte* Challenge to Subject Matter Jurisdiction</u>

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See id.* § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

　　B.　　<u>Complete Diversity</u>

Plaintiff is an individual residing in Fontana, California. (Compl. ¶ 1.) A person is a "citizen" of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-01881 SJO (Ex)                    DATE: December 14, 2011

*Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Because Plaintiff is a resident of California, his residency is evidence that he is a citizen of California.

Defendant is a company incorporated in Delaware with its principal place of business in Georgia. (Notice ¶¶ 8, 10.) "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, -- U.S. --, 130 S. Ct. 1181, 1186 (2010). Defendant alleges that it performs the vast majority of its executive and administrative functions at its corporate headquarters in Georgia. (Notice ¶ 10.) Therefore, Defendant is a citizen of both Delaware and Georgia. Because Plaintiff and Defendant are citizens of different states, complete diversity exists in this case.

    C.    <u>Amount in Controversy Requirement</u>

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Here, it is not facially evident from the Complaint that more than $75,000 is in controversy. (*See generally* Compl.) Defendant contends that the amount in controversy meets the threshold requirement because Plaintiff seeks: (1) economic damages, including lost wages (Notice ¶ 14); (2) damages because he "will be required to and will employ physicians and surgeons to examine, treat and care for him" (Notice ¶ 14); (3) damages for mental and emotional distress (Notice ¶ 14); (4) punitive damages (Notice ¶ 15); and (5) attorneys' fees (Notice ¶ 15).

The Complaint is silent as to the amount of damages sought; therefore, Defendant carries the burden of proving that more than $75,000 is in controversy. *See Matheson*, 319 F.3d at 1090. The preponderance of the evidence standard is not met when a defendant provides arbitrary calculations "based on many assumptions that leave the court to speculate as to the value of too may variables." *Dupre v. Gen. Motors*, No. 10-CV-00955, 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010). In proving the amount in controversy, Defendant's "calculations [must be] good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, 2011 WL 499390, at *2 (C.D. Cal. Feb.10, 2011). The removing defendant must also "set[] forth . . . the *underlying facts* supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567. Conservative estimates without a factual basis are

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 11-01881 SJO (Ex)</u> | **DATE:** <u>December 14, 2011</u> |

"vague and conclusory" and do not satisfy the "more than likely" standard. *Keller v. Gaspari Nutrition, Inc.*, No. CV 10-09927, 2011 WL 837797, at *3 (C.D. Cal. Mar. 2, 2011).

The Complaint is devoid of monetary figures and general facts from which the Court could infer an amount in controversy. (*See generally* Compl.) The Complaint does not state what Plaintiff was paid at his former job, information from which the Court might be able to calculate an amount in controversy. Without additional information or evidence, removal is not proper based solely on the information contained in the face of the Complaint. The Court, therefore, examines if any "summary-judgment-type evidence," *Matheson*, 319 F.3d at 1090, exists to support proper removal. Here, Defendant does not proffer any summary-judgment-type evidence. Although Defendant has access to all the information regarding Plaintiff's wages, Defendant does not provide any evidence regarding the amount of Plaintiff's lost wages. Defendant does not even inform the Court whether Plaintiff was paid an annual salar or on an hourly basis. If Plaintiff was paid hourly, Defendant did not provide any evidence regarding Plaintiff's hourly wage or the amount of hours Plaintiff worked annually. If Plaintiff was paid an annual salary, Defendant did not proffer any evidence regarding that amount. In sum, despite the fact that Defendant has complete access to Plaintiff's earnings history, Defendant does not proffer any other evidence through affidavits, documents, or otherwise to indicate the amount Plaintiff lost in wages to support its contention that the amount in controversy exceeds $75,000. (*See generally* Notice.)

Defendant also contends that the calculation of the amount in controversy includes punitive damages, attorneys' fees, damages for medical expenses, and damages for mental and emotional distress. (Notice ¶¶ 14-15.) Defendant argues that "numerous cumulative and alternative bases exist to establish that the damages sought by Plaintiff exceed the Court's jurisdictional minimum." (Notice ¶ 16.) This bald assertion is insufficient to convince the Court, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. Defendant fails to even speculate as to the amount of punitive damages and attorneys' fees to which Plaintiff would be entitled if relief were granted in Plaintiff's favor. Defendant does not point to awards of punitive damages or attorneys' fees in other similar cases to support its claim as to the probable or potential size of such an award.

Defendant's unsupported allegation that Plaintiff seeks damages in excess of $75,000 is insufficient to establish that it is more likely than not that the in controversy requirement has been satisfied in order to vest this Court with subject matter jurisdiction. Because Defendant has failed to meet its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, the Court remands this action.

III. RULING

For the foregoing reasons, the Court **REMANDS** this case to San Bernardino County Superior Court.

IT IS SO ORDERED.

cc: order, docket, remand letter to San Bernardino Count Superior Court, No. CIVRS 1105432